## In the Matter of Richard S. TEBIK, Respondent.

### No. 45S00–0909–DI–406.

Supreme Court of Indiana.

Aug. 7, 2012.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT, ACCEPTING RESIGNATION, AND CONCLUDING PROCEEDING*

Respondent has been suspended from the practice of law in this state since December 17, 2009. On January 6, 2012, the Indiana Supreme Court Disciplinary Commission petitioned this Court to direct Respondent to show cause why he should not be held in contempt of this Court, alleging that Respondent has practiced law in this state while suspended from the practice of law. In particular, the Commission al-

leged that during 2010 and 2011, Respondent provided services to a person, who is now deceased, and others associated with him. Those services included preparation of a durable power of attorney, trust documents, deeds in trust, and consents to unsupervised administration of a decedent's estate. Respondent sent a bill to one of the persons for $1,575, representing 10.5 hours of work at $150 per hour.

The Court entered a Order to Show Cause on January 19, 2012, directing Respondent to show cause in writing, within 15 days of service why he should not be held in contempt for disobedience to this Court's order suspending him from practice. Respondent filed a response on May 10, 2012, in which he admitted preparing the documents at issue.

On May 14, 2012, Respondent tendered to this Court a resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17). If his resignation is accepted, Respondent must wait five years to apply for reinstatement and then must prove his fitness to resume practice by clear and convincing evidence. *See* Admis. Disc. R. 23(4).

The Court concludes that Respondent practiced law while suspended in contempt of this Court. However, in light of Respondent's resignation from the bar, the Court will impose no penalty. If Respondent seeks reinstatement, all matters bearing on his fitness to practice will be at issue, including his practicing law in contempt of this Court's suspension order.

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accepted effective immediately.** The Clerk of this Court is directed to record Respondent's resignation on the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resignation from the bar of this State, subject to consideration of pending allegations in the event there is a petition for reinstatement.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. *See* Admis. Disc. R. 23(4)(a). Approval of a petition for reinstatement is discretionary and requires clear and convincing evidence of the petitioner's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The Clerk is directed to forward a copy of this Order to the hearing officer if one has been appointed, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.